NO.   93-109

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN THE MATTER OF THE ESTATE OF
ROBERT E. MELVIN,

    Deceased.


APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable James E. Purcell, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Jo Antonioli, Worden, Thane & Haines, Missoula,
            Montana

        For Respondent:

            Robert T. O'Leary, Butte, Montana


FILED

Filed: NOV - 8 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   July 15, 1993

              Decided:   November 8, 1993

_____
                Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a Decree of Distribution settling the estate of Robert E. Melvin. Carol A. Reeves, one of three heirs to the estate of Robert E. Melvin, appeals the order allowing and settling the First and Final Account of the Personal Representative. We reverse.

The issues are restated as follows:

1. Did the District Court err in issuing the Decree of Distribution?

2. Did the District Court err in appointing Paul Melvin as personal representative of the estate?

3. Did the personal representative breach his fiduciary duty to the heirs of the estate?

Robert E. Melvin died on May 29, 1989. He was survived by his three children, Paul Melvin, Carol Reeves and John Melvin. On November 9, 1989, Paul Melvin filed an Application for Informal Probate and Appointment of Personal Representative and was appointed as personal representative of the estate of Robert E. Melvin. Appellant, Carol A. Reeves (Reeves), claims that she was under the impression that her brother, Paul Melvin, had been appointed personal representative of the estate under a valid will. On numerous occasions from 1989 until the final account was presented in 1992, Reeves requested information from Paul Melvin about the administration of the estate.

On September 30, 1992, Paul Melvin filed the "First and Final Account and Petition for Distribution of Estate." On October 1,

1992, Reeves filed a pro se motion objecting to the final accounting as being inadequate under § 72-3-1005, MCA, and as not providing the minimum of information required by Montana law. A hearing was held on October 30, 1992, at which Reeves' husband requested that Reeves be given an itemization and breakdown of the expenses of the estate and the detailed accounting that Reeves had requested since 1989. The District Court ordered that an accounting be furnished to Reeves. The personal representative provided a check register and bank statements to Reeves on January 25, 1993, along with a copy of the Decree of Distribution entered by the District Court on January 21, 1993.

Reeves then retained counsel who appeared on February 1, 1993, objecting to the First and Final Account and also to the check register and bank statements as being an insufficient accounting. No hearing was scheduled in the District Court prior to the running of the time necessary for filing this appeal. Further facts will be provided throughout this opinion as necessary.

I.

Did the District Court err in approving the final accounting and issuing the Decree of Distribution?

Reeves contends that the personal representative did not comply with Montana law governing estate administration and closing and that the District Court erred in approving the incomplete final accounting and issuing the Decree of Distribution. Specifically, she claims that Paul Melvin did not provide intermediate accountings to her when she asked for them during the period of

3

estate administration and that the final accounting provided by Paul Melvin did not provide minimum information about estate assets, income, expenses and the distribution of the assets.

Counsel representing the estate of Robert E. Melvin contends that Paul Melvin has properly accounted for the assets and expenses of the estate by preparing the Inventory and Appraisement and the INH-2 form for inheritance tax purposes. He further argues that the District Court verified that Reeves had received the Inventory and Appraisement, Application for Determination of Inheritance Tax and her share of the distribution of all assets except for her share of the amount remaining to be distributed after closing the estate.

From the information contained in the record, we are unable to determine what, if any, estate expenses were incurred or paid. The Inventory and Appraisement lists total estate assets as $33,268.00. A copy of the form INH-2 prepared by Paul Melvin detailing estate expenses is not a part of the record before us. The "final accounting" filed by the Personal Representative states that property remaining after the payment of debts, claims, taxes, costs and expenses should be distributed in accordance with the property as listed in the Inventory and Appraisement on file with the Clerk of the Court and the balance remaining is to be distributed to the three heirs as set forth in Exhibit "A" attached to the final account, which provides as follows:

ASSETS **REMAINING**:

| | |
|---|---|
| 1982 Mercury | $ 2,400.00 |
| Cash on Hand (plus garage sale) | 1,439.00 |

| | |
|---|---:|
| U.S. West Refund | 16.99 |
| Transamerica Insurance | 325.00 |
| New Dimensions Distributors Refund | 297.50 |
| 100 Shares of Prudential Federal | |
| Savings (Olympus Corporation) | 575.00 |
| | $ 5,053.49 |

LIABILITIES:

| | |
|---|---:|
| Paul M. Melvin (1/3 Paid) | 1,684.49 |
| Carol A. Reeves (1/3 Unpaid) | 1,684.50 |
| John M. Melvin (1/3 Unpaid) | 1,684.50 |
| | $ 5,053.49 |

Although Reeves was not present at the hearing, her husband appeared and was questioned by the District Court. Because Mr. Reeves advised the court that the personal representative had not fully informed Reeves of the estate expenses, the District Court ordered the personal representative to provide Reeves with "a copy of the check register or such other itemization detailing the expenses incurred on behalf of the estate." The District Court also ordered that the personal representative be discharged upon payment of remaining amounts due the heirs as set forth in Exhibit "A" and as quoted above. Paul Melvin has made arrangements to pay the amount to John Melvin in monthly installments of $45.00. Reeves has refused to accept a similar payment plan for her share of the remaining estate.

The Decree of Distribution is dated January 21, 1993. On January 25, 1993, Paul Melvin provided Reeves with a copy of the check register from one of the bank accounts he used as personal representative and some bank statements from other accounts. On February 1, 1993, Reeves formally objected to this accounting and

to the Decree of Distribution as being improper and premature.

Section 72-3-1005, MCA, provides:

Final accounting required to close estate. (1) Before an estate may be finally closed and the personal representative relieved of his duties and obligations, he shall either file with the court or deliver to all interested persons an accounting under oath showing the amount of money received and expended by him, the amount of all claims presented against the estate, and the names of the claimants and all other matters necessary to show the state of its affairs.
(2) Any interested person at any time during the course of the administration of an estate may for good cause shown require further accountings.
(3) If the personal representative is the sole residual beneficiary of the estate, no accounting need be made.

This section provides that the personal representative must file an accounting with the court --or deliver the same to all interested persons--showing the amount of money received and expended by the personal representative, all claims presented against the estate and all other information necessary to show the state of its affairs. An exception to this requirement is permitted only when the personal representative is the "sole residual beneficiary" of the estate. Such is not the case here: Paul Melvin was required to provide a proper accounting before the estate of Robert E. Melvin could be closed.

The District Court ordered as follows:

3. That the First and Final Account of the Personal Representative is allowed and settled and that distribution of the remaining assets of the estate, as described in Exhibit "A" to the First and Final Account, be made by the Personal Representative.
4. That the Personal Representative shall provide Carol A. Reeves with a copy of the check register or such other itemization detailing the expenses incurred on behalf of the estate.

6

The "First and Final Account and Petition for Distribution of Estate" does not describe the monies received and expended by the personal representative, nor does it describe the claims presented and paid. It does not describe the manner of disposition of estate assets. While the transcript indicates that Reeves received copies of the Inventory and Appraisement and the INH-2, that information is not sufficient to constitute an accounting.

The check register and bank statements furnished to Reeves also are inadequate to constitute a final accounting of assets, income and expenses and claims. An estate may not be settled and a final distribution made until the final accounting is properly completed. Section 72-3-1005, MCA, requires the District Court to make a determination that the final account complies with the requirements of § 72-3-1005, MCA, before the estate may be finally closed and before the personal representative may be relieved of his duties.

When proceedings in the District Court are of a broad equitable nature and the issues raised on appeal are mixed questions of law and fact, this Court's duty is to review all questions of fact arising upon the evidence presented in the record, whether the evidence is alleged to be insufficient or not, and to determine the same, as well as questions of law. Daniels v. Thomas, Dean & Hoskins, Inc. (1990), 246 Mont. 125, 134, 804 P.2d 359, 364 (citing § 3-2-204(5), MCA). In Daniels, 804 P.2d at 364, we stated:

> [W]e will review both questions of law and questions of
> fact but will not reverse the trial court in an equity

7

case on questions of fact unless there is a decided preponderance of the evidence against those findings.

We addressed the standard of review for a mixed question of fact and law in division of marital property cases in In Re the Marriage of Danelson (1992), 253 Mont. 310, 317, 833 P.2d 215, 220, and determined that the standard of review in such equity cases is whether the court abused its discretion.

> Obtaining [an] equitable distribution will at times require the lower court to engage in discretionary action which cannot be accurately categorized as either a finding of fact or a conclusion of law. These discretionary judgments made by the trial court are presumed to be correct and will not be disturbed by this Court absent an abuse of discretion by the lower court.

Danelson, 833 P.2d at 220. The issue before us requires us to review a determination made by the District Court which cannot be precisely classed as either a finding of fact or a conclusion of law.

The District Court failed to comply with § 72-3-1005, MCA, which requires the accounting filed with the court to include all money received and expended by the personal representative and the amount of all claims presented against the estate as well as the names of claimants and all other matters necessary to show the state of the affairs of the estate. The record contains substantial evidence of numerous items of income, expense and claims which should have been included in the final account according to § 72-3-1005, MCA. We conclude the District Court allowed the personal representative to settle and close the estate in this case without the accounting required by § 72-3-1005, MCA. We further conclude that the District Court abused its discretion

8

by approving the First and Final Account in this estate and by entering the Decree of Distribution.

We hold the District Court erred and abused its discretion by approving the final accounting submitted by the personal representative in this case. We vacate the District Court's order allowing and settling the final account and ordering distribution of the remaining assets of the estate as described in Exhibit **"A"** of the personal representative's final account.

II.

Did the District Court err in appointing Paul Melvin as personal representative of the estate?

Reeves also appeals the informal appointment of Paul Melvin as personal representative in this proceeding. She claims that she was under the impression throughout the administration of the estate that Paul Melvin was appointed as personal representative in the will of Robert E. Melvin and that she was unaware that her father had not prepared a valid will.

An application for informal appointment of a personal representative must conform to the requirements of § 72-3-202, MCA, and, in the case of an intestacy proceeding, must also conform to the requirements of § 72-3-204, MCA. Paul Melvin's Application for Informal Probate and Appointment of Personal Representative states:

> The heirs designated herein have nominated the applicant
> to serve in their stead as personal representative and
> said nominations have been filed of record in this estate
> proceeding.

We find no nominations by John Melvin or Carol Reeves in the record for this estate proceeding. Section **72-3-504(3),** MCA, provides:

9

When two or more persons share a priority, those of them who do not renounce must concur in nominating another to act for them or in applying for appointment. If they are unable to concur in nominating another to act for them or in applying for appointment, the court may appoint any qualified person.

It does not appear from the record that the proper procedure for appointment was followed in this proceeding. Nonetheless, we need not address this issue as § 72-3-503(1), MCA, provides that an objection to an appointment of a personal representative can be made **only** in formal proceedings.

Although an objection to the appointment of a personal representative is not allowed in informal proceedings, a person interested in the estate is allowed to petition for the termination of an appointment of a personal representative **"for cause"** at any time. Section 72-3-526, MCA.

The Official Comments to § 72-3-204, MCA, explain the rationale for not allowing objections to appointments of personal representatives in informal proceedings as follows:

Forcing one who seeks informal probate or informal appointment to make oath before a public official concerning the details required of applications should deter persons who might otherwise misuse the no-notice feature of informal proceedings. The application is available as a part of the public record. If deliberately false representation is made, remedies for fraud will be available to injured persons without specified time limit . . . .

Clearly, an appeal from a Decree of Distribution in an informal estate proceeding is not the appropriate vehicle for an objection to irregularities in the appointment of the personal representative. Therefore, we decline to rule on the issue whether the District Court erred in appointing Paul Melvin as personal

10

representative for the estate of Robert E. Melvin.

                                III.

Did the personal representative breach his fiduciary duty to the heirs of the estate?

No claim for breach of fiduciary duty was before the District Court and we will not address the issue for the first time on appeal.

Reversed and remanded.  The Decree of Distribution entered by the District Court on January 21, 1993, is vacated and the District Court is instructed to require the personal representative for this estate to prepare a proper final accounting in accordance with § 72-3-1005, MCA, to settle the same and to consider any and all objections to such accounting and distribution in an appropriate manner.

_____
                        Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
        Justices

11

Justice Terry N. Trieweiler dissenting.

The **majority** opinion violates the rule that we will not place the District Court in error on the basis of objections raised for the first time on appeal. The theory behind the rule is that in fairness to the parties and the District Court, if one party has an objection to the procedure followed in the District Court, he or she has an obligation to bring it to the attention of the other party and to the District Court so that any error can be cured if possible without the necessary expense of an appeal and further delay. Because there was absolutely no timely objection by the appellant to any aspect of this estate's administration prior to the entry of the Court's final decree, I conclude that she waived any objection she **may** have had to the "First and Final Account and Petition for Distribution of Estate."

A review of the actual record in this case suggests just how unusual the majority's decision is.

Robert E. Melvin died on May 29, 1989, and his son, Paul, was appointed personal representative of his estate on November 9, 1989. On November 9, 1990, an inventory and appraisement, listing and describing all of the estate's assets, was filed in the **District** Court. It is conceded for purposes of appeal that appellant received a copy of the inventory and appraisement, along with the list of estate expenses which was provided for purposes of determining whether inheritance tax was due.

On September 30, 1992, nearly three and one-half years after he applied for informal appointment as personal representative, and

12

nearly three years after his actual appointment, Paul Melvin filed a first and final account and petition for distribution of the estate. Prior to that time, his sister, Carol, had neither appeared in this action nor filed any objection to his appointment nor his handling of the estate.

On October 1, 1992, Carol filed a pro se document entitled "Motion for an Order to Require an Accounting." By that document, she sought "a full and complete accounting of all estate assets." A list of the estate's assets at the time of the final account are exactly what was provided in Exhibit A to the personal representative's petition. Contrary to assertions in the majority opinion, there is no record that appellant ever filed an objection to the final accounting based on the requirements of § 72-3-1005, MCA. Neither is there any indication in the record of the District Court what Carol's impressions were regarding the existence of a will or that she at any time requested information from Paul about his administration of the estate. After presenting no evidence in the District Court, Carol's attorney sought to file a bunch of correspondence with the Supreme Court. However, that after-the-fact evidence was appropriately stricken from the record by order of this Court dated May 4, 1993.

The District Court held a hearing to consider the personal representative's petition on October 30, 1992. The only witness who testified at the hearing was the personal representative. During the hearing, he was questioned at length by his attorney and the court regarding his disposition of the estate assets. After

13

being provided with notice of the hearing, Carol did not bother to appear. John Melvin, who is Paul and Carol's brother, did appear and had no objection to the disposition of the estate.

Neither did Carol appear by an attorney. Her husband did appear and advised the court that he objected to the approval of the personal representative's petition on the basis that the income and disbursements of the estate had been inadequately accounted for. While he had no personal standing to assert an objection, was never under oath and subject to cross-examination, and was not authorized by law to represent his wife in this proceeding, this inadequate and untimely objection is the first indication of any kind in this record during the three and one-half years since Robert Melvin's death, that there was any objection to the manner in which the estate was being handled.

Under these circumstances, it is not surprising that the District Court expressed disapproval of the untimely objection. However, in spite of that fact, the personal representative was told to provide Carol with further information about income and expenses of the estate, and the court gave her ten days from the date of the hearing within which to file an objection.

At the time of the hearing, the District Court stated:

> To me, there has never been a question of the accounting story.
>
> You have an opportunity to object to the accounting. He has ten days. And that has to be by certified mail. And we will go from there.
>
> . . . .

14

If there is an objection in this regard, I will have a hearing on that objection.

No objection was lodged within the time provided by the court and the decree was ultimately entered on January 21, 1993, nearly three months later.

We do not know what information was provided to Carol, and we do not know when it was provided. There simply is no record of any occurrence after the court hearing until after the court's decree was entered.

The court's decree approving the final account of the personal representative was entered on January 21, 1993, nearly three months after the hearing on the personal representative's petition. No formal objection was filed by Carol during the intervening period of time.

On February :L, 1993, an attorney first appeared as counsel of record for Carol. On that same date, an objection to the personal representative's account was first filed on her behalf. However, the certificate of mailing indicates that it was not mailed to the personal representative until February 18, 1993, one day prior to Carol's notice of appeal to this Court.

Contrary to the statement in the majority opinion, there is no evidence in this record that the personal representative first provided Carol with a copy of the check register and some bank statements on January 25, 1993.

On this record, the majority has taken upon itself to first strike evidence offered for the first time on appeal, and then rely

15

on it in its opinion.  The majority has decided issues on appeal that were never raised in an appropriate nor timely fashion in the District Court.

At best, this case is precedent for approval of pretty sloppy and untimely legal work.  At worst, no district court nor personal representative can close an estate in the future in reliance on the status of the record at the time the proposed decree is entered.

For these reasons, I dissent from that part of the majority opinion which sets aside the District Court's decree of distribution.

_____
Justice

November 8, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jo Antonioli, Esq.
Worden, Thane & Haines, P.C.
P.O. Box 4747
Missoula, MT 59806

Robert T. O'Leary
Attorney at Law
40 E. Broadway
Butte, MT 59701

John Melvin
Clyde Park
Clyde Park, MT 59018

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
      Deputy